[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR ORDER DATED AUGUST 2, 1996,TO DETERMINE LOCATION OF SCHOOL DISTRICT
The court finds the following facts.
The plaintiff mother works at Duracell in Danbury eight hours per day from 8 a.m. to 4:30 p.m. or 8:30 a.m. to 5 p.m. on a flexible time arrangement. Duracell has a nearby child care facility where the plaintiff can enroll the youngest child, whom she can visit at lunch time.
The defendant father works at MCI about forty-five minutes travel time from Danbury. His hours of work are generally 9 a.m. to 5 p.m. He travels out of town for employment reasons approximately two times per month. Until recently, he occasionally missed scheduled visitation and made up the time with the plaintiff's concurrence. The court was not thoroughly convinced that his out-of-state travel was at an end as he testified. He has weekday visitation with the children each Tuesday and Wednesday, and provides for their afterschool care and participates in some of their activities.
The plaintiff's second husband works in New Jersey. His daughter, Lindsey, age ten, has joined the family in New Milford from her prior home in Colorado with her mother. She will attend fifth grade in John Pettibone School in New Milford in the coming school year.
The plaintiff mother seeks to change the school enrollment of Caitlin, age ten and Gregory, age seven, the children of the parties, from King Street School in Danbury to John Pettibone School in New Milford. She and her present husband have resided with the children in New Milford since April, 1996. She has continued to transport the children from New Milford to King Street School through the end of the school year in June, 1996. She also transported the children to their father's home so that visitation with the father would not be affected.
Under the plaintiff's proposal, the defendant would drive the children to their maternal grandmother's home, which is halfway between New Milford and the father's home on Wednesday and Thursday mornings. Since the children presently board the school bus to King Street School when they visit with him, this arrangement would result in CT Page 5284-X his having to drive fifteen minutes two mornings a week to drop the children at their maternal grandmother's home. The plaintiff proposes to have her stepfather drive the children from John Pettibone to their father's home in Danbury on Tuesday and Wednesday, and from the maternal grandmother's home on Wednesday and Thursday mornings.
The children's attorney, Julie Foster, met with the children at both parents' homes and at her office. In May, the children expressed a strong preference to remain in King Street School. Attorney Foster recognized that May may have been a particularly stressful time for them as they had just moved to New Milford and were adjusting to their mother's marriage, a new home and a new neighborhood. More recently, Gregory has expressed a desire to attend King Street School while Caitlin wishes not to have to choose between her parents' opposing wishes. While Attorney Foster alluded to the arrival of Lindsey as a factor to be considered, she did not provide the court with reasons as to why this might be a determinative factor. The court understands that she might wish to protect the confidence of her clients. The court also understands that the arrival of Lindsey might well be a determinative factor and can speculate as to the kinds of adjustments that all the children will have to make. Attorney Foster recommended that Caitlin and Gregory remain in King Street School.
The court reluctantly disagrees with her recommendation. The court is aware that Caitlin has one year more to be in elementary school before entering middle school. She attended Sandy Hook schools before her two years in King Street and is now facing dislocation once again. It is understandable that having already changed schools twice she is reluctant to move from friends and familiar surroundings. Gregory is apparently a sociable child and "well-liked by his peers" Defendant's Exhibit "A"). His personality should make a transition easier.
An analysis of both plans as adjusted to maintain the visitation of the father shows that the children would be in the car and on the road less if they went to John Pettibone. This is of particular significance in the winter months. Counsel for the children conceded that she had not considered daily winter travel from New Milford to Danbury in making her recommendation in favor of the King Street plan.
Another determining factor is the father's travel schedule in connection with his employment. The court finds that the father's travel has caused the visitation schedule to change. If such changes due to his employment travel were to occur with the children in King Street School, the mother would be forced to adjust her schedule and the children's. In addition, the plaintiff will be geographically the closest of the three CT Page 5284-Y adults to all of the children. It will more routinely be she, rather than either father, who will have to cope with a child's becoming ill at school, the school's holiday/vacation schedules, early closing and delayed openings due to inclement weather. Were she to have to deal with these situations for two school systems and her own work schedule, there could well be an increased level of stress that would manifest itself in the home and affect all the children.
Furthermore, the weight of the defendant's testimony in opposition to enrolling the children in Pettibone was lessened by his attempt to manipulate the situation the weekend before the court hearing. He talked to Caitlin for over an hour and then dialed Attorney Foster's telephone number for Caitlin so that she might express her preference for King Street to Attorney Foster. It is also noteworthy that when Gregory told Attorney Foster that he wished to remain at King Street, he was at his father's home. Attorney Foster indicates in her report that the subject of the children's enrollment was not discussed at their mother's home.
For the foregoing reasons, the court finds that it is in the best interest of the children that Caitlin and Gregory be enrolled in John Pettibone School for the coming school year and Alexis at the Duracell child care facility. In the event that the two older children wish to continue to participate in Danbury activities during their visitation with their father, they may do so provided that he be responsible for transporting them and that such activities do not interfere with their school activities in New Milford. The plaintiff shall be responsible for transporting or arranging for the transportation of the children in the event her stepfather or her mother are unable to fulfill their roles as she has proposed.
Leheny, J.